In re James TATUM, Disciplinary Proceedings.

No. 76–1172.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1979.

Emmett Kenneth Chaffin, pro se.

William L. Harper, U. S. Atty., Steven W. Ludwick, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This is a disciplinary proceeding against James Tatum, an attorney of Houston, Tex-

as, growing out of his representation before this court of Emmett Kenneth Chaffin in the criminal proceedings entitled *United States of America v. Emmett Kenneth Chaffin.* Chaffin was convicted after trial by jury in the United States District Court for the Northern District of Georgia for filing false Internal Revenue Service forms in violation of 26 U.S.C. § 7205 and wilfully failing to file federal income tax returns in violation of 26 U.S.C. § 7203. His appeal to this court was dismissed because his attorney, James Tatum, timely failed to file a brief or request an extension of time for filing a brief.[1]

By our order of July 1, 1976, we appointed Judge Newell Edenfield, United States District Judge for the Northern District of Georgia, as Special Master "to take such action as he deems necessary to ascertain the facts concerning the alleged failure to prosecute the appeal, resulting in its dismissal, and to determine whether Jim Tatum is guilty of professional misconduct in the handling of this appeal." A hearing was held by Judge Edenfield who made written findings by his order dated November 30, 1976, in which he concluded that Tatum had been "derelict in his duty to the court, and more important, to his client." After directing Tatum to show cause why he should not be suspended or disbarred from practice before this court, and considering Tatum's response thereto, we decided to remand the matter for further hearing to Judge Edenfield. This hearing was duly held and Judge Edenfield made additional written findings by his order dated May 23, 1978, which has been received by this court.

We have again ordered Tatum to show cause, giving due consideration of the orders and written findings of Judge Edenfield as Special Master dated November 30, 1976 and May 23, 1978, why Tatum should not be suspended or barred from practice before this court for professional misconduct in the handling of Chaffin's appeal. Tatum's written answer to our show cause order has been received on August 9, 1978.

We have carefully considered the orders and findings of Judge Edenfield as Special Master dated November 30, 1976 and May 23, 1978, as well as the transcripts of testimony and exhibits introduced at the hearings before him. Due consideration has also been given to Tatum's answer to our show cause order. The orders and written findings of the Special Master are adopted by this court and, accordingly, we hold that James Tatum is guilty of professional misconduct in the handling of defendant Chaffin's appeal.

Therefore, it is ordered that James Tatum be suspended from practice before this court for a period of six months.

---

1. The court reinstated Chaffin's appeal and his conviction was affirmed. *See United States v. Chaffin,* 5 Cir., 1976, 542 F.2d 573.